1  Christine A. Kohler, State Bar No. 211562
ckohler@littler.com
2  LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
3  Irvine, CA  92612
4  Telephone: (949) 705-3000
Facsimile:  (949) 724-1201
5
6  Attorneys for Defendant
AMSPEC, LLC
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  STEPHEN HERNAEZ, an individual,        Case No. _____

12              Plaintiff,

13                                          **NOTICE OF REMOVAL OF CIVIL
                                            ACTION UNDER 28 U.S.C. § 1441**
14  v.

15  AMSPEC, LLC, a corporate entity
form unknown; and DOES 1-50,
16  inclusive,

17              Defendants.

18

19     **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20     **PLEASE TAKE NOTICE THAT** Defendant AmSpec, LLC ("Defendant")

21  hereby removes to this Court the state court action described below.  This Court has

22  original jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) due to

23  the diversity of citizenship of the parties.  Accordingly, the state court action may be

24  properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

25  **I.     STATEMENT OF JURISDICTION**

26     This Court has original jurisdiction over this action under the diversity of

27  citizenship statute.  28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

1    district courts original jurisdiction over civil actions where the matter in controversy

2    exceeds the sum or value of $75,000, exclusive of interest and costs, it is a civil action

3    between citizens of different states, and no defendant is a citizen of the State of

4    California.  As set forth below, this case meets all of the diversity statute's

5    requirements for removal and is timely and properly removed by the filing of this

6    Notice.

7    **II.    VENUE**

8        The action was filed in Superior Court of the State of California, Los Angeles

9    County.  Venue properly lies in the United States District Court for the Central

10    District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1441(a) and 1446(a).

11    **III.   PLEADINGS, PROCESS AND ORDERS**

12        On August 20, 2020, Plaintiff Stephen Hernaez ("Plaintiff") commenced an

13    action by filing an unverified Complaint in the Superior Court of the State of

14    California, County of Los Angeles, entitled *Stephen Hernaez, an individual, Plaintiff,*

15    *v. AmSpec, LLC, a corporate entity of form unknown, and DOES 1-50, inclusive,*

16    *Defendants*, bearing Case No. 20STCV31672  (the "Complaint").  The Complaint

17    asserts the following causes of action:  (1) age discrimination in violation of Gov.

18    Code §12940 *et seq.,* (2) failure to prevent discrimination in violation of Gov. Code

19    §12940(k); (3) failure to pay minimum wages and overtime wages; (4) wrongful

20    termination; and (5) violation of Business & Professions Code §17200 et seq.

21    Plaintiff seeks "actual, consequential, and incidental damages, including but not

22    limited to loss of earnings and employee benefits, according to proof, but no less than

23    three hundred thousand dollars." (Declaration of Christine A. Kohler ("Kohler

24    Decl."), ¶ 2; Exhibit A at Prayer for Relief in Complaint.)  He also seeks damages for

25    humiliation, emotional distress, and mental and physical pain and anguish, and loss of

26    sleep, punitive and exemplary damages, attorneys' fees and costs of suit.  (Kohler

27    Decl., ¶ 2; Exhibit A at ¶ ¶ 57 and 58 and Prayer for Relief in Complaint.)

28        On February 10, 2021, Defendant was served with a Notice of Case

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

1 | Reassignment.  (Kohler Decl., ¶ 4; Exhibit C.)

2 | On March 4, 2021, Defendant filed in the Superior Court of California, its

3 | Answer to the Complaint.  (Kohler Decl., ¶ 5; Exhibit D.)

4 | Pursuant to 28 U.S.C. ¶ 1446(a), the attached exhibits constitute all process,

5 | pleadings and orders served on Defendant in this action.  (Kohler Decl., ¶ 6.)  To

6 | Defendant's knowledge, no further process, pleadings, or orders related to this case

7 | have been served by any party.  (*Id.*)

8 | **IV.  TIMELINESS OF REMOVAL**

9 | Defendant was first served with a copy of the Summons and Complaint on

10 | February 8, 2021.  (Kohler Decl., ¶ 3; Exhibit B.)

11 | This Notice is timely in that it is being filed within thirty (30) days of the date

12 | of service of the Summons and Complaint on Defendant, which was the first time that

13 | Defendant ascertained that the State Court Action was removable under federal law.

14 | *See* 28 U.S.C. §1446(b).

15 | **V.  DIVERSITY JURISDICTION**

16 | The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant

17 | part:

18 | The district courts shall have original jurisdiction of all civil

19 | actions where the matter in controversy exceeds the sum or

20 | value of $75,000, exclusive of interest and costs, and is

21 | between –

22 | (1)  citizens of different States. . .

23 | This action is a civil action over which this Court has original jurisdiction based

24 | on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be

25 | removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a

26 | civil action between citizens of different states and the amount in controversy exceeds

27 | $75,000, exclusive of interest and costs, as set forth below.

28 |

**A.     Plaintiff Is A Citizen Of California**

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian,* 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (*citing Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.,* 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994)).

Defendant is informed and believes that currently and at all relevant times, Plaintiff was domiciled and resides in the State of California, County of Orange. (Declaration of Elizabeth DeBaro ("DeBaro Decl."), ¶ 5; Complaint ¶ 9.) During his employment with Defendant, Plaintiff worked at the Signal Hill, California location which is located within the County of Los Angeles. (*Id.*) Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

**B.     Defendant Is A Citizen Of New Jersey**

For diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed a citizen of its State of incorporation and the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.,* its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend,* 559 U.S.77 (2010).

At the time this action was commenced in state court, AmSpec, LLC was, and still is, a limited liability company organized under the laws of the state of New Jersey with its headquarters in Cranbury, New Jersey. (DeBaro Decl., ¶ 3.) AmSpec Group,

1   Inc. is the sole member of AmSpec, LLC.  (DeBaro Decl., ¶ 4.)  Accordingly,

2   AmSpec, LLC's citizenship is based upon the citizenship of AmSpec Group, Inc.

3   AmSpec Group, Inc. is incorporated in the State of New Jersey.  AmSpec Group,

4   Inc.'s corporate headquarters are located in Cranbury, New Jersey, which is where

5   decisions are made with respect to the direction of the Company and is where its

6   corporate and executive officers are employed.  (DeBaro Decl. ¶ 4.)  Thus, AmSpec

7   Group, Inc.'s principal place of business is New Jersey and it is therefore a citizen of

8   New Jersey for purposes of diversity.  Because AmSpec Group, Inc. is the sole

9   member of AmSpec, LLC, AmSpec, LLC is a citizen of the State of New Jersey for

10   the purpose of determining diversity of citizenship.

11          There are no other defendants in this action as of the date of this removal.  The

12   presence of Doe defendants in this case has no bearing on diversity with respect to

13   removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the

14   citizenship of defendants sued under fictitious names shall be disregarded").

15          Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a

16   citizen of New Jersey.  Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)

17   is satisfied.

### C.      The Amount in Controversy Exceeds $75,000

19          Defendant only needs to show by a preponderance of the evidence (that it is

20   more probable than not) that Plaintiff's claimed damages exceed the jurisdictional

21   minimum.  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir.

22   1996).  Here, the Court can reasonably ascertain from Plaintiff's Complaint and his

23   prayer for relief that the amount in controversy exceeds $75,000.  *See Singer v. State*

24   *Farm Mutual Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) ("The district court

25   may consider whether it is 'facially apparent' from the complaint that the

26   jurisdictional amount is in controversy.")

27          In his Prayer For Relief, Plaintiff prays for judgment "[f]or all actual,

28   consequential, and incidental damages, including but not limited to loss of earnings

1   and employee benefits, according to proof, but **no less than three hundred thousand**

2   **dollars.**" (Kohler Decl., ¶ 2, Exhibit A, Prayer for Relief in Complaint (emphasis

3   added).)

4        Plaintiff further seeks an award of reasonable attorneys' fees.  (Kohler Decl., ¶

5   2, Exhibit A, Complaint ¶¶ 32, 40, 49 and Prayer for Relief.)  Although Defendant

6   disputes Plaintiff is entitled to any recovery, the California Fair Employment and

7   Housing Act, Government Code section 12940, *et seq.* (the "FEHA") authorizes an

8   award of reasonable attorneys' fees to a prevailing plaintiff with respect to Plaintiff's

9   six causes of action for alleged FEHA violations.  Cal. Gov't Code § 12965(b).  When

10  authorized by statute, attorneys' fees are included in the calculation of the amount of

11  Plaintiff's claims to determine whether the requisite jurisdictional minimum is met.

12  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an

13  underlying statute authorizes an award of attorneys' fees, either with mandatory or

14  discretionary language, such fees may be included in the amount in controversy.");

15  *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002)

16  (stating that in deciding the amount in controversy issue, the court may estimate the

17  amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to

18  prevail).  Although Plaintiff's attorneys' fees cannot be precisely calculated, it is

19  reasonable to assume they could exceed a damages award.  *Simmons v. PCR*

20  *Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002), 1035; *see, e.g., Beaty v. BET*

21  *Holdings, Inc.,* 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys'

22  fees in the amount of $376,520 may be appropriate in FEHA where compensatory

23  damages were only $30,000); *Mangold v. California Public Utilities Comm'n,* 67 F.3d

24  1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA

25  case where plaintiffs' damages awards were significantly less); *Flannery v. Prentice,*

26  26 Cal.4th 572 (2001) (affirming award of attorney's fees and costs of $891,042).

27  Plaintiff's demand for attorneys' fees further increases the amount in controversy

28  above the $75,000 threshold.

1    Plaintiff also seeks punitive damages. (Kohler Decl., ¶ 2, Exhibit A, Complaint

2    ¶¶ 39, 58 and Prayer for Relief.)  The Court must take into account punitive damages

3    for purposes of determining the amount in controversy where such damages are

4    recoverable under state law.  *Davenport v. Mutual Benefit Health and Accident Ass'n*,

5    325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc., supra,* 243

6    F.Supp.2d at 1009.  California law does not provide any specific monetary limit on the

7    amount of punitive damages that may be awarded under Civil Code section 3294.

8    *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994).  Additionally,

9    employment discrimination cases have the potential for large punitive damages

10    awards.  *Simmons v. PCR Technology, supra,* 209 F.Supp.2d at 1033.  A punitive

11    damages award may equal as much as four times the amount of the actual damages

12    award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In

13    *Aucina v. Amoco Oil, Co.,* 871 F. Supp. 332 (S.D. Iowa 1994), the defendant

14    employer established that the amount in controversy exceeded the jurisdictional

15    minimum in a discrimination and wrongful discharge lawsuit where the former

16    employee asserted claims for lost wages, lost benefits, mental anguish, and punitive

17    damages.  The court noted that "[b]ecause the purpose of punitive damages is to

18    capture a defendant's attention and deter others from similar conduct," the plaintiff's

19    claim for punitive damages "might alone" exceed the jurisdictional minimum.  *Id.* at

20    334.  Although Defendant vigorously denies Plaintiff's allegations, including his

21    alleged damages, if Plaintiff were to prevail on his punitive damages claim, that claim

22    alone could exceed the jurisdictional minimum.

23    In sum, although Defendant does not concede Plaintiff's claims have any merit,

24    Plaintiff's Complaint makes certain that the amount in controversy for Plaintiff's

25    claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

26    Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this

27    action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and

28    1441(a).

## VI.  NOTICE TO STATE COURT AND PLAINTIFF

Pursuant to 28 U.S.C. section 1446(d), concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff.  In addition, a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

Dated:   March 5, 2021

/s/ Christine A. Kohler
Christine A. Kohler
LITTLER MENDELSON, P.C.
Attorneys for Defendant
AMSPEC, LLC

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

8.