# EXHIBIT A

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMSPEC, LLC, a corporate entity form unknown; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEPHEN HERNAEZ, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

 You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

 There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

 *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

 *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse

111 North Hill Street
Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 20STCV31672 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili, Esq., 600 W Santa Ana Blvd., Ste. 202, Santa Ana, CA 92701; 714-547-4700

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)*  12/18/2020 | Clerk, by<br>*(Secretario)*  M. Mariano | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

 under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 08/20/2020 01:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

Case 8:21-cv-00423   Document 1-3   Filed 03/05/21   Page 3 of 43   Page ID #:17

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Susan Bryant-Deason

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STEPHEN HERNAEZ, an individual; | Case No.: 20STCV31672 |
| Plaintiff, | Assigned for all purposes to the |
| v. | **COMPLAINT:** |
| AMSPEC, LLC, a corporate entity form unknown; and DOES 1-50, inclusive, | 1. Age Discrimination in Violation of Gov. Code §12940 *et seq.* |
| Defendants. | 2. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k) |
| | 3. Failure To Pay Minimum Wages And Overtime Wages |
| | 4. Wrongful Termination |
| | 5. Violation of Business & Professions Code § 17200 *et seq.* |
| | **DEMAND FOR JURY TRIAL** **UNLIMITED JURISDICTION** |

COMPLAINT

1

Plaintiff Stephen Hernaez (hereinafter "Plaintiff" and/or "Hernaez") alleges as follows:

**<u>THE PARTIES</u>**

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Amspec, LLC ("Amspec"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Orange.  Plaintiff is further informed and believes and thereon alleges that The Amspec was transacting business in the County of Orange, State of California, at the time claims of Plaintiff arose.  At all times relevant, Amspec was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to Amspec and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.   Plaintiff is further informed and believes and thereon alleges that

Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.  Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.    Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

///

COMPLAINT

3

## VENUE AND JURISDICTION

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Signal Hill, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Los Angeles, State of California.

## FACTUAL BACKGROUND

10.     On or about August 18, 2014, Plaintiff was hired by Defendant as an operations manager. On or about May 21, 2018, Plaintiff was promoted to branch manager. Plaintiff's job duties included, but were not limited to, managing day-to-day operations at the industrial, oil and petroleum company's Los Angeles branch and dispatching. Plaintiff was paid $120,000 annually.

11.     On or about January 25, 2019, Plaintiff took a scheduled vacation. Plaintiff returned to work on or about February 18, 2019 and was assigned to perform "reorganization" duties with three new younger managers hired while he was on vacation.

12.     On or about February 19, 2019, Plaintiff was instructed to vacate his office so it can be used by younger employees. On the same day, Plaintiff was tasked with dispatching per Defendant's rotation schedule, which required him to work around-the-clock (24 hours a day and 7 days a week). Plaintiff was not paid overtime.

13.     On or about February 26, 2019, Plaintiff was forced to leave work early when he became ill. Plaintiff utilized accrued sick time. On or about February 27, Plaintiff rushed to urgent care because he continued to feel ill and was vomiting. On that day, Defendant attempted to contact Plaintiff but he did not answer due to his illness.

14.     On or about February 28, 2019, Plaintiff was terminated. He received several text messages and emails instructing him to come to work and return his company cellphone and laptop and receive his last paycheck. Later, his company cellphone was shut off and his email account was closed.

15.     Plaintiff is informed and believes that he was terminated, in part, on the basis of his age and for calling out sick and using sick leave in accordance with

California Sick Leave Laws. Plaintiff was 52 years old when he was terminated. Plaintiff is informed and believes that he was replaced by someone much younger than him.

16.     On or about March 1, 2019, Plaintiff returned to work and turned over his company laptop and cellphone. Subsequently, Plaintiff was given a termination letter and his last paycheck.

17.     Before filing this lawsuit, his exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated August 29, 2019.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION
## IN VIOLATION OF  GOV. CODE § 12940 ET SEQ.
### (Against all Defendants)

18.     Plaintiff refers to all allegations contained in paragraphs 1-17, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

19.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

20.     At the time of Plaintiff's injury and at the time of Plaintiff's termination, and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

21.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

22.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's

birth and his corresponding age.

23.    At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

24.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

25.    Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

26.    As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

27.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

28.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

29.    Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

30.    Plaintiff is informed and believes and thereon alleges that Defendant has a

Smail & Associates, P.C.

systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

31.    The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

32.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

## SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE § 12940(k)
#### (Against All Defendants)

33.    Plaintiff refers to all allegations contained in paragraphs 1-32, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

34.    During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination toward Plaintiff on the basis of his age.

35.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

36.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

37.    Plaintiff is informed and believes and thereon alleges that the outrageous

conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

38.     As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

39.     These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

40.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES

### (Against all Defendants)

41.     Plaintiff refers to all allegations contained in paragraphs 1-40, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

42.     *Labor Code* §204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work, including overtime.

43.     *Labor Code* §1194 states in pertinent part, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

44.     *Labor Code* §510(a) states in pertinent part: "Any work in excess of eight

Smith & Associates, P.C.

hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

45.     Pursuant to *Labor Code* §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

46.     Defendants, as a matter of established policy and procedure, at each and every one of the offices owned and/or operated by Defendants at which Plaintiff performed work, consistently;

  a)     Administered a uniform policy and practice as to the pay policies regarding Plaintiff;

  b)     Scheduled to work and in fact required Plaintiff to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying overtime compensation for all hours Plaintiff was under Defendants' control;

  c)     Failed to pay Plaintiff overtime compensation for all work accomplished in excess of eight (8) hours per day and/or forty (40) hours per week; and

  d)     Failed to pay Plaintiff the full rate of compensation promised and contracted.

47.     Defendants' pattern, practice and uniform administration of policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to *Labor Code* §218 and *Labor Code* §1194, to recovery, in a civil action, for the unpaid balance of the full amount of the wages and overtime premiums owing.

48.      Pursuant to *Labor Code* §218.6, *Labor Code* §1194(a) and *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

49.     Pursuant to *Labor Code* §1194, Plaintiff requests that the Court award

reasonable attorneys' fees and costs incurred by him in this action pursuant to statute.

50.     Pursuant to the California Supreme Court's holding in *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, Plaintiff is entitled to extend the statutory period to four years in conjunction with Plaintiff's claim for violation of *Bus. & Prof. Code* §17200 et seq.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION
### (Against All Defendants)

51.     Plaintiff refers to all allegations contained in paragraphs 1-50, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

52.     Plaintiff informed Defendants that he suffered from disabilities.  Further, Defendants were aware of Plaintiff's requests for accommodation and complaints about his workplace environment.  Defendants were also aware that Plaintiff filed a worker's compensation claim and sought medical treatment pursuant to the same.

53.     *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

54.     Labor Code §246.5 prohibits an employer from discharging an employee for using accrued sick days.

55.     Defendant terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against him because:  (i) he was over the age of 40 and (ii) called out using accrued sick leave.

56.     Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

57.     As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has sustained and continues to sustain

substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

58.     In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

### (Against All Defendants)

59.     Plaintiff refers to all allegations contained in paragraphs 1-58, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

60.      Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

61.     Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

62.     By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

63.     Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

64.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

65.     Plaintiff seeks an order of this Court awarding restitution, injunctive relief

and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For pre-judgment and post-judgment interest, according to proof;

4. For punitive and exemplary damages, according to proof;

5. For attorneys' fees, according to proof and statute;

6. For costs of suit incurred herein;

7. For such other relief and the Court may deem just and proper.

Dated: August 20, 2020                    **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_____
       Jihad M. Smaili, Esq.
       Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Smaili & Associates, P.C.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury.

Dated: August 20, 2020                **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_____
        Jihad M. Smaili, Esq.
        Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 08/20/2020 08:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

Case 8:21-cv-00423 Document 1-3 Filed 03/05/21 Page 16 of 43 Page ID #:30

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jihad M. Smaili (SBN: 262219)<br>Smaili & Associates, PC<br>600 W Santa Ana Blvd., Ste 202<br>Santa Ana, CA 92701<br>TELEPHONE NO.: 714-547-4700    FAX NO.:<br>ATTORNEY FOR (Name): Stephen Hernaez | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Hernaez v. Amsher, C

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>20STCV31672 |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Five 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 08/20/2020
Jihad M. Smaili, Esq.
_(TYPE OR PRINT NAME)_    ▶ /s/Jihad M. Smaili
_(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HO      TO COMPLETE THE COVER SHEET

**To Pa   ff ad O er F  g Fr  Pa er**   If you are filing a first paper (for example, a complaint) in a civil case, you complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **o e** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **r ar** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Par e    R e   0 Co e o  Ca e**   A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Par e    Co   e Ca e**   In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND E AMPLES

**A o Tor**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim sub ect to arbitration, check this item instead of Auto)

**O er PI PD  D Per o al   r Pro er Da age ro gf Dea Tor**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or to ic environmental) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**No  -PI PD   D O er Tor**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**E   o  e**
Wrongful Termination (36)
Other Employment (15)

**Co ra**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (not provisionally comple ) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Rea Pro er**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent domain, landlord tenant, or foreclosure)

**U a f  Dea er**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item  otherwise, report as Commercial or Residential)

**d a Re e**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Pro  o a Co e  C  L ga o  Ca R  e of Cor  R e    00  0**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally comple case type listed above) (41)

**E for e e   dg e**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (non-domestic relations)
Sister State Judgment
Administrative Agency Award (not unpaid ta es)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**M  e a eo  C   Co a**
RICO (27)
Other Complaint (not specified above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-harassment)
Mechanics Lien
Other Commercial Complaint Case (non-tort non-comple )
Other Civil Complaint (non-tort non-comple )

**M  e a eo  C  Pe o**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Hernaez v. Amspec, LLC | CASE NUMBER |
|---|---|

## CIVIL CASE COVER S  EET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF   ROUNDS FOR ASSI   NMENT TO COURT  OUSE LOCATION)

| T    r    r    r    d    r    L    R | L    A    S    r    rC    r |
|---|---|

**S** : After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**S** : In Column B, check the box for the type of action that best describes the nature of the case.

**S** : In Column C, circle the number which explains the reason for the court filing location you have chosen.

---

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|  | **A**<br>Civil Case Cover Sheet Category No. | **Type of Action**<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Hernaez v. Amspec, LLC | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Hernaez v. Amspec, LLC | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

***CIVIL CASE COVER S  EET ADDENDUM***
***AND STATEMENT OF LOCATION***

| SHORT TITLE: Hernaez v. Amspec, LLC | CASE NUMBER |
|---|---|

***S*** : **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 1980 Orizaba Ave. |

| CITY: Signal HIll | STATE: CA | ZIP CODE: 90755 | |
|---|---|---|---|

***S*** : **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>08/20/2020</u>

<u>/s/Jihad M. Smaili</u>
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE  AVE T E FOLLO  IN  ITEMS COMPLETED AND READY TO  E FILED IN ORDER TO PROPERLY COMMENCE YOUR NE   COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER S  EET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/20/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV31672 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Susan  Bryant-Deason | 52 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  08/20/2020
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez                                          , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
    Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
 )
 )
 )
 )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019                                      

11                                                          KEVIN C. BRAZILE
                                                            Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association
Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:

> _____
     (TYPE OR PRINT NAME)

Date:

     (TYPE OR PRINT NAME)

Date:

     (TYPE OR PRINT NAME)

Date:

     (TYPE OR PRINT NAME)

Date:

     (TYPE OR PRINT NAME)

Date:

     (TYPE OR PRINT NAME)

Date:

     (TYPE OR PRINT NAME)

> _____
     (ATTORNEY FOR PLAINTIFF)

> _____
     (ATTORNEY FOR DEFENDANT)

> _____
     (ATTORNEY FOR DEFENDANT)

> _____
     (ATTORNEY FOR DEFENDANT)

> _____
     (ATTORNEY FOR _____)

> _____
     (ATTORNEY FOR _____)

> _____
     (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

The parties agree that:

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                 (INSERT DATE)                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➢ _____
    (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➢ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
    (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
    (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)
Date:

_____     ➢ _____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)
Date:

_____     ➢ _____
    (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE | CASE NUMBER |
|---|---|
| (pursuant to the Discovery Resolution Stipulation of the parties) | |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____     ➢ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

THE COURT SO ORDERS.

Date:   _____         _____
                                                    JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| STEPHEN HERNAEZ, an individual; | ) **Case No.: 20STCV31672** |
| | ) **Assigned for all purposes to the** |
| Plaintiff, | ) **Hon. Susan Bryant Deason** |
| | ) **Dept. 52** |
| v. | ) |
| | ) |
| AMSPEC, LLC, a corporate entity form | ) **NOTICE OF CASE MANAGEMENT** |
| unknown; and DOES 1-50, inclusive, | ) **CONFERENCE** |
| | ) |
| Defendants. | ) **Hearing:** |
| | ) **Date:    February 3, 2021** |
| | ) **Time:   8:30 AM** |
| | ) **Dept.:   52** |
| | ) |
| | ) |
| | ) |
| | ) Complaint Filed: |
| | ) Trial Date:                None Set |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** There is a Case Management Conference scheduled on February 3, 2021, at 8:30 a.m. in Department 52 of the above captioned court located at 111 North Hill Street, Los Angeles, CA 90012.

///

///

///

1

Dated: January 19, 2021            **SMAILI & ASSOCIATES, P.C.**

By: _____
      Jihad M. Smaili, Esq.
      Zien Halwani, Esq.
      Attorneys for Plaintiff

NOTICE OF CASE MANAGEMENT CONFERENCE